UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ALICE D. PERKINS,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No.:   2:25-CV-60-TAV-DCP
                                     )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

**ORDER**

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge Debra C. Poplin on March 30, 2026 [Doc. 21]. In the R&R, the magistrate judge recommends that the Court deny as moot Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. 18] and adopt the parties' Joint Stipulation for Attorney Fees Pursuant to EAJA [Doc. 19]. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

After careful review of the matter, the Court agrees with the magistrate judge's recommendations. Accordingly, the Court **ACCEPTS and ADOPTS** in full the R&R [Doc. 21] pursuant to 28 U.S.C. § 636(b)(1). It is hereby **ORDERED** that:

1.     The parties' Joint Stipulation [Doc. 19] is **ADOPTED** to the extent that the parties agree that plaintiff is entitled to an award of attorney fees under the EAJA in the amount of $8,770.00;

2. In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States;

3. If plaintiff owes no debt to the United States, the payment of the EAJA fees may be made to plaintiff's counsel per the fee assignment referenced in the parties' stipulation; and

4. Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 18] is **DENIED as moot**, pursuant to the parties' Joint Stipulation [Doc. 19].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2